## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Chapter: | 11 |
| | ) | | |
| | ) | Case No. | 13-80740 |
| Steve and Celeste Murphy, | ) | | |
| | ) | Judge: | Hon. Thomas M. Lynch |
| Debtors. | ) | | |

## NOTICE OF MOTION

TO:   See attached Service List

Please take notice that on October 19, 2016 at 10:30 a.m., Michael J. Davis and the members and associates of the firm of BKN Murray LLP shall appear before the Honorable Judge Thomas M. Lynch, or any judge sitting in his place and stead, in Courtroom No. 3100 in the United States Bankruptcy Court, for the Northern District of Illinois, Western Division, located at 327 South Church St., Rockford, Illinois, and present the attached Final Fee Application of Counsel for Debtor for Allowance of Compensation and Reimbursement of Fees, a copy of which is hereby served upon you.

/s/ Michael J. Davis
One of the Attorneys

Michael J. Davis
BKN Murray LLP
2777 Finley Rd., St. 12
Downers Grove, Ill. 60515
630-915-3999
mdavis@bknmurray.com

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Lisle, Illinois on September 16, 2016.   .

By: /s/ Michael J. Davis

**Service List**

*Via Electronic Service*
Michael G. Schultz, Esq.
Jack D. Ward, Esq.
Jamie Cassell Esq.
Reno & Zahm LLP
2902 McFarland Road, Suite 400
Rockford, IL 61107-6801

Patrick S. Layng
Office of the US Debtor, Region 11
780 Regent St.
Suite 304
Madison, WI 53715-2635

Thomas P. Sandquist
Scott Sullivan
Williams McCarthy LLP
120 W. State Street  #400
Rockford, IL 61101 )
tsandquist@wilmac.com

*Via U.S. Mail*

Steve and Celeste Murphy
1919 N. Mulford Road
Rockford, IL 61107-2544

Associated Bank
2870 Holmgren Way
Green Bay, WI 54304

Blackhawk State Bank
c/o Matthew M. Hevrin
Hinshaw & Culbertson LLP
100 Park Avenue
Rockford, IL 61101

Citibank
PO Box 6500
Sioux Falls, SD 57117

First National Bank & Trust Co.
Jeff Orduno
127 N. Wyman St., 2nd Flr
Rockford, IL 61101

Elan Financial Services as Servicer for the
First National Bank and Trust
Bankruptcy Department
PO Box 5229
Cincinnati, OH 45201-5229

JP Morgan Chase Bank
PO Box 29505
Phoenix, AZ 85038-9505

Hinsdale Bank and Trust
25 E. First Street
Hinsdale, IL 60521
Michael Kelly
United States Attorney's Office
Northern District of Illinois, Eastern Division
219 S. Dearborn St., 5th Floor
Chicago, IL 60604

IRS
Department of the Treasury
PO box 7346
Philadelphia, PA 19101-7346

GE Capital Retail Bank
c/o Recovery Management Systems Corp
25 SE 2nd Ave. Suite 1120
Miami, FL 33131-1605

Capital One, N.A.
PO box 12907
Norfolk, VA 23541-0907

Northwest Bank of Rockford
Attorney: Timothy F Horning
3400 N. Rockton Ave.
Rockford, IL 61103

Rockford Bank and Trust
4571 Guilford Rd.
Rockford, IL 61107

Winnebago County Treasurer
PO box 1216
Rockford, IL 61105

M.J.Goldman & Company, Ltd
1999 John's Drive
Glenview, IL 60025

Cadles of Grassy Meadows II, L.L.C.
100 North Center Street
Newton Falls, OH 44444

Wisconsin Department of Revenue
Special Procedures Unit
POB 8901
Madison, WI 53708-8901

Portfolio Recovery Associates,LLC
PO Box 41067
Norfolk, Va 23541

Albert Ciardi
One Commerce Square
2005 Market Street, St. 3500
Philadelphia, Pa. 19103

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Chapter: | 11 |
| | ) | | |
| | ) | Case No. | 13-80740 |
| Steve and Celeste Murphy, | ) | | |
| | ) | Judge: | Hon. Thomas M. Lynch |
| Debtors. | ) | | |

**FINAL FEE APPLICATION OF COUNSEL FOR DEBTOR**
**FOR ALLOWANCE OF COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES**

Michael J. Davis and the firm of BKN Murray LLP (the "Applicant"), counsel for the Debtor, pursuant to Sections 330 and 331 of the Bankruptcy code, 11 U. S. C. §101 et seq.(the "Code"), hereby applies to the Court for an order allowing compensation for professional services rendered and reimbursement of expenses incurred during the period of August 5, 2015 through September 16, 2016. In support hereof, the Applicant states as follows:

### INTRODUCTION

1. The Debtor filed its petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") on March 8, 2013 under 11 U.S.C. §101 *et. seq.*

2. The Debtor was authorized to employ Michael J. Davis and the firm of Archer Bay, as its bankruptcy counsel on May 22, 2013 retroactive to March 7, 2013 with any compensation to be approved by the Court upon application of the applicant.

3. The Applicant seeks herein allowance of compensation and reimbursement of expenses of the period of August 5, 2015 through September 16, 2016 (the "Period") and is the final application by counsel for the Debtor. Applicant devoted 387.2 hours of legal services during the period at its normal hourly rate of **$375.00/hour** for the time of Michael J. Davis and **$95/hour** for paralegal time. The Applicant requests compensation in the amount of **$136,345.00**

4

and reimbursement of ordinary and necessary expenses for the same period incurred in connection therewith in the amount of **$2,418.32.**

4.  All services for which compensation is requested by your applicant were performed for or on behalf of said Debtor in possession, and not on behalf of any committee, creditor or other person.

## SUMMARY OF SERVICES RENDERED

5.  The Applicant represented and advised the Debtor on various matters related to the bankruptcy during the Period.  Applicant has identified and set forth twelve categories of legal services.  Each category contains a narrative of the matter involved, a general description of the tasks performed, detailed time records in chronological order with Applicant's time described therein, and the results achieved or the benefit to the estate.  See In Re Wildman, 72 B.R. 700 (N.D.Ill, 1987); In Re Pettibone, 74 B.R. 293 (N.D. Ill., 1987); In Re Continental Illinois Securities Litigation, 962 F.2d 566 (7th Cir., 1992)  The following is a summary of the services rendered in twelve (12) categories of work as reflected on Exhibit A attached hereto..

(**a) Motions for 2004 Exams. Time Expended 13.1 hours. Amount $4912.50**

The Applicant issued subpoenas for t 204 exam of George Ralph and Wayne Erickson, and issued a 2004 subpoena to review documents. The Applicant reviewed documents produced by Erickson and took the oral 2004 exam of Erickson, reviewing the results of the exam with the client.

**(b) Filing of Adversary Proceeding regarding ability of the estate to sell the Debtors LLC Interests. 42.1 hours.  Amount requested $15507.50.**

**After t**he Applicant prepared and attended the hearing on the Motion to Assume Executory Contracts in order to determine whether the LLC interests of Debtor could be sold under 11 USC 363 or 11 USC 541, the members objected and this Court set a briefing schedule on the Motion and the various objections, with argument being held before the Court. In order to clarify the ability of the Debtor to sell the LLC Interests, the Debtor filed an adversary proceeding asking for a declaratory judgment that the Interests could be sold. This lead to the entering of a Stipulation that the Debtor would have 6 months to market his LLC Interests.

**(c) Monitoring of Claims. Time expended 15.8 hours.  Amount requested $5533.00.**

The Applicant reviewed claims, and filed objections to claims where appropriate. This resulted in the claims to be filed dropping significantly, allowing a Plan which paid creditors being paid 100 cents on the dollar. This included filing an objection to the claims of the IRS, the Wisconsin Department of Revenue and First National Bank.

**(d) Communications with creditors in relation to the Status of Case**. **Time Expended 5.6 hours. Amount requested $2100.00.**

Due to the issues regarding the sale of the properties, the timing of a payout pursuant to a Plan, and the possibility of payment in full, the creditors kept particularly close touch with the Applicant as to the progress and timing of a distribution form the Debtor, as well the position of different parties as to various sale option.

**(e) Sale of 23 LLC Interests to Wayne Erickson. Time Expended 42.2 hours. Amount requested $15657.00.**

Wayne Erickson ("Erickson") began offering to buy the Debtor's LLC Interests in 2015, and continued to attempt to purchase them. However, the price offered for all the interests would not have been enough to pay creditors in full, and the Debtor elected to test the market by attempting to market the LLC Interests to 3rd parties. When Quick Liquidity offered to purchase 23 of the LLC Interests for $15,000,000, the Debtor filed a Motion to sell. This eventually lead to Erickson objecting to the sale, but also upping his bid of $9 million for 30 LLC's to $10 million for 23 LLC's which was the same group of LLC Interests Quick Liquidity offered to buy. The Debtor elected to accept the offer of Erickson and moved forward to sell because Erickson had available funds to pay out immediately. The Applicant conducted all negotiation with counsel for Erickson, filed all pleadings relating to the sale, and conducted the closing which transferred the interests to Erickson. This netted the estate $10 million dollars from the sale which was a substantial increase from the previous offers

**(f) Sale of 7 LLC Interests to Wayne Erickson. Time Expended 11.7 hours. Amount requested $4303.50.**

After the sale of the 23 LLC Interests were consummated, the Debtor filed a Plan detailing the sale, and indicating that the creditors would be paid in full after the liquidation of further property of the Debtor. Erickson initially approached the Debtor about purchasing the remaining 7 LLC Interests subject to the Stipulation. The Applicant negotiated with counsel for Erickson, resulting in an increase in the offer from $1.5 million to $2 million, and further negotiated the price to include the waiver of Erickson's claim, as well as a claim for administrative expenses. The Applicant filed the appropriate Motion rand attended the sale, assisting the Debtor in signing over the final 7 LLC Interests subject to the stipulation.

**(g) Preparing Monthly Operating Reports. Time expended 36 hours. Amount requested $6661.00.**

The Applicant reviewed the Debtor's checking account each month, prepared the applicable monthly operating report for each month, and filed the same. The Applicant also

6

reviewed additional information on credit card statements requested by the U.S. Trustee, and included information on the Bank arrangements relating to the proceeds of $10 million.

**(h) Consulting with Debtor on Draft of Disclosure Statement and Plan of Reorganization. Time expended 50.9 hours.  Amount requested $18947.50.**

The Applicant drafted a Third Modified Plan and Third Amended Disclosure Statement after the sale to Erickson of the Debtors 23 LLC Interests. The Plan described payment in full to all classes but Class 4 creditors who would be paid 85% of their claims, and the remaining after the liquidation of further property. After the sale to Erickson of an additional 7 LLC Interests, Creditors could be paid in full from funds the Debtor was holding and this lead to the filing of the Fourth Modified Plan. After a hearing on comments from the Court, the Applican prepared and filed the Fifth Modified Plan and Fifth Amended Disclosure Statement which has been sent to creditors for confirmation on October 19, 2016. The final Plan indicates the Debtor has $12.6 million to distribute to approximately $11 million in claims, thus making the Debtors estate a surplus estate.

**(i) Negotiation, Procedure & Proposed Sale to Quick Liquidity. Time expended 129.3 hours. Amount $47899.50.**

Once the Stipulation allowing the sale of the Debtors LLC Interests was negotiated and entered, the Applicant contacted a company known as Quick Liquidity ("QL") who actively marketed to the fractional LLC Interest ownership market. The Applicant provided due diligence and negotiated a non-disclosure agreement that allowed QL to review all the financial records of the Debtors Interests. The Applicant negotiated an offer to purchase, filed a Motion to Set Bid Procedures and to Sell, monitored the due diligence process, and finally filed a Motion to Sell. The Motion resulted in an offer from Erickson that was higher than any that had been offered previously and the Debtor chose to sell to Erickson. The Applicant then negotiated a settlement with QL on their stalking horse and administrative fee that was granted by the Court in the Bid Procedure Order, resulting in a substantial reduction from what they were entitled to.

**(j) Sale & Negotiation of Properties other than the 30 LLC Interests.  Time expended 17.2 hours. Amount $6170.00.**

Since the Plan of Reorganization required the liquidation of Debtors properties, the Applicant discussed the sale of the Debtors properties other than the 30 LLC Interests subject to the Joint Stipulation. During this period, the Applicant drafted the pleadings for several residential properties, and conducted negotiations with interested parties on other properties as noted. The Applicant filed Motions to Sell when a contract for properties came through. The Applicant also discussed valuation issues and methodology with potential buyers and the Debtor.

 **(k) Review and amendment of schedules**. **Time expended 7.7 hours. Amount $2803.50.**

As information regarding the LLC's and other properties came to light, the Applicant worked with the Debtor in amending the schedules to properly reflect the assets being sold. The Applicant also conducted research into the entities that held ownership of several properties and corrected the schedules where necessary.

**(l) Assisting in the Hiring of Non-Lawyer Professional and Preparation of Fee Application Petition for Professionals.  Time expended 15.6 hours.  Amount requested $5850.00.**

The Applicant met with and prepared the Application to hire Howard Sorensen to complete and file tax returns for the Debtor which were due post-petition. The Applicant prepared and filed the final fee applications Debtors attorney and for Sorensen. The Applicant devoted 8.9 hours to the preparation of this application which complies with the guidelines established by this court in In Re Wildman, 72 B.R. 700 (N.D.Ill, 1987) and In Re Pettibone, 74 B.R. 293 (N.D. Ill., 1987).  Applicant requests compensation for the preparation of this petition in accordance with In Re Nucorp Engery, Inc. 764 F.2d 655 (9th Cir.) which this district has adopted and which limits compensation for the preparation of a fee petition to 5 per cent of the total to be requested which this application complies with.  The fee application was prepared by Michael Davis and Meredith Fox.

## EXPENSES

6.     During the Period, the Applicant incurred **$2418.32** in expenses necessary to its representation of the Debtors.  The amount requested for expenses, which are summarized on Exhibit B attached hereto, is for actual and necessary expenses incurred.

7.     The Applicant incurred the following expenses as evidenced on Exhibit B attached hereto:

| Copy Expense | $ 1,181.50 |
| --- | --- |
| Postage | $ 356.82 |
| Filing Fees | $ 880.00 |

## LEGAL STANDARD

8.     Section 330 of the Code governs the allow ability of fees and expenses for professionals employed in a bankruptcy case.  Generally, professionals are entitled to (1) "reasonable compensation for actual, necessary services rendered…" and (2) "reimbursement for actual, necessary expenses."  11 U.S.C. §330.

9.     All of the services rendered by Applicant were performed by Michael J. Davis whose billing rate throughout this period for such services was $375.00 per hour or $95 per hour for paralegal time. Time records for such services are maintained on a contemporaneous basis,

and are subsequently reviewed to eliminate apparently unproductive or insufficiently documented time charges. Time is recorded on a tenth-of-an-hour basis. Therefore, the charges for which compensation is sought represent actually spent, "hard-core" time devoted to this case.

10. The compensation rates charged by Counsel are comparable to those charged by other practitioners of similar standing, skill and experience in cases of equal complexity.

11. The services rendered by Applicant were necessary services that have benefited this estate by acquiring funds to distribute to creditors and enabling the Debtor in Possession to perform his statutory duties. The expenses incurred by Applicant were necessary expenses that substantially contributed to the recovery of the funds now comprising the estate.

12. Based upon the nature, extent and value of the services performed by Applicant and the cost of comparable services other than in a case under this Title, the reasonable compensation for such services is **$136,345.00.**

13. The Applicant incurred **$2418.32** in expenses during the Period. This amount represents actual expenses incurred, which were necessary to the Applicant's representation of the Debtors.

14. At all times while employed as attorney for the Debtor, Counsel was a disinterested person, neither representing nor holding an interest adverse to the interest of this estate with respect to the matters on which Applicant was employed.

Wherefore, the Applicant prays that an allowance be made in the sum of **$136,345.00** as compensation for professional services rendered and that an allowance and authorization for payment be made in the sum of **$2418.32** for reimbursement for actual and necessary costs and expenses incurred in this proceeding and granting such other and further relief as this court deems just and proper in this proceeding.

                /s/ Michael J. Davis

                One of the Attorneys

Michael J. Davis  
BKN Murray LLP  
2777 Finley Rd., St. 12  
Downers Grove, Ill. 60515  
630-915-3999  
mdavis@bknmurray.com